**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert L Brinkman, | No. CV-14-02093-TUC-FRZ |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Defendants. | |

On multiple occasions the Court warned Plaintiff that even a pro se litigant must attempt to comport with the Rules. *See*, *e.g.*, Docs. 4, 7, 25, 39, 50, 132, 156, 228, and 307. The Court also warned about the repercussions for violating the Rules or a Court Order. *See*, *e.g.*, Doc. 4 ("If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.") (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). *See also*, Doc. 156 at pg. 4, n. 6 (warning that "if Plaintiff continues to file multiple motions despite being plainly warned, in prior orders, that continued failure to follow the court's Local Rules, the Federal Rules of Civil Procedure, and the court's orders would result in the imposition of sanctions, *including the involuntary dismissal of the case with prejudice* ... then the Court has the discretion to dismiss the matter.") (emphasis in original).

Plaintiff has violated the Rules before and appropriate sanctions were imposed. *See*, *e.g.*, Doc. 218 (striking non-compliant filings from the record) and Doc. 257 (summarily terminating legally non-cognizable motions).

Plaintiff's incarcerated pro se status caused numerous difficulties adjudicating this case. *See*, *e.g.*, Docs. 97, 102, 156 and 192. Therefore, the Court sought and appointed counsel for Plaintiff. *See* Doc. 271. But Plaintiff continued to pester their attorney to file frivolous motions contesting matters already adjudicated, and the attorney-client relationship eventually, irreconcilably, severed. *See* Doc. 321 ("Plaintiff's relationship with the Court-appointed counsel deteriorated after Plaintiff kept asking for them to file frivolous motions").

Plaintiff continues to belabor the Court with unauthorized filings, many which attempt to re-litigate matters already adjudicated. *See*, *e.g.*, Doc. 323 ("Motion for: Court Order, directing defendants to have plaintiff returned to AZ."); Doc. 325 ("Motion for Contempt"); Doc. 326 ("Motion for: Reconsideration of 'part of' Order limiting discovery"); and Doc. 327 ("Motion Requesting that Dkt #321 be clarified").

The Court specifically warned Plaintiff about filing premature motions for summary judgment. *See* Docs. 156 and 270 (finding that "Plaintiff has—again—filed a procedurally deficient motion for summary judgment"). Despite that warning, and the Court explaining the proper procedure to Plaintiff, *see id.*, Plaintiff has again filed for summary judgment in "clear" violation of Court Orders. *See*, *e.g.*, Doc. 328 at pg. 2.

This matter has lingered in the federal courts for over four years, delayed (in part) because of Plaintiff's irregular motions. The case docket—now thousands of complied pages—contains countless irrelevant, illegible, and indecipherable documents. A barrage of rule violations has prejudiced Defendants by creating uncertainty as to when a response is required to one of Plaintiff's motions. And less drastic measures to curtail the extrajudicial behavior have not stopped Plaintiff's non-compliance with the Rules, which threatens the probity of the adjudicative system.[1]

---

[1] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992), *as amended* (May 22, 1992) (In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.") (quoting *Thompson v. Housing Auth.*, 782 F.2d 829 (9th Cir.)). *See also*, *Bossardet v. Ryan*, 17-CV-517 (D. Ariz. Oct. 22, 2018) ("The necessity for

While "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances," this case warrants dismissal. *Ferdik v. Bonzelet*, 963 F.2d at 1260.

Accordingly, IT IS ORDERED that Plaintiff's Third Amended Complaint (Doc. 40) is DISMISSED, without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Counsel (Doc. 318), Motion for Summary Judgment (Doc. 319), "Motion for Court Order, Directing Defendants to have Plaintiff Returned to Arizona" (Doc. 323), "Motion for Contempt" (Doc. 325), Motion for Reconsideration (Doc. 326), and "Motion Requesting that Doc. 321 be Clarified" (Doc. 327) are TERMINATED as moot.

IT IS FURTHER ORDERED that Defendant's Motion to "Continue Deadline to Respond to Plaintiff's Motion for Summary Judgment" (Doc. 328) is TERMINATED as moot.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment and close this civil action.

Dated this 21st day of November, 2018.

_____
Honorable Frank R. Zapata
Senior United States District Judge

---

parties to comply with the Rules to ensure proper and just adjudication needs no further explication.") (citing *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

- 3 -